**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN VIEYRA HERRERA,

Defendant - Appellant.

No. 12-10578

D.C. No. 2:11-cr-01974-NVW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 11, 2014
San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and HAYES, District Judge.[**]

A jury convicted Jonathan Vieyra Herrera of five counts of making a False

Statement in Connection with the Acquisition of a Firearm, 18 U.S.C. §

924(a)(1)(A).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Herrera was convicted following his purchase of five guns from October 26–27, 2010. Herrera's associate Charles Fuller, who drove him to a series of gun dealers, immediately took possession of the guns that Herrera purchased, and paid Herrera a markup.

At trial, over Herrera's objection that the testimony was hearsay, the district court allowed testimony from an ATF agent that the agent and a confidential informant had a standing order with Fuller for certain types of guns. The court overruled the objection, finding that the testimony was not hearsay.

This court reviews de novo whether the district court correctly construed the hearsay rule, and reviews the decision to admit evidence as non-hearsay for abuse of discretion. *United States v. Washington*, 462 F.3d 1124, 1135 (9th Cir. 2006). Where hearsay is admitted in error, it is subject to harmless error review and this court will reverse only if there is grave doubt whether the erroneously admitted evidence substantially affected the verdict. *United States v. Alvarez*, 358 F.3d 1194, 1214 (9th Cir. 2004).

The district court erroneously admitted the out-of-court statements. The out-of-court statements were relevant to prove that Fuller sought to obtain specific guns, which Herrera bought on Fuller's behalf, and were hearsay. Fed. R. Evid. 801(c), 802. However, the error was harmless. The jury heard evidence that Fuller

2

was with Herrera when Herrera made each purchase and that Fuller immediately purchased the guns from Herrera. During Herrera's interview with the ATF, Herrera told agents that Fuller bought from Herrera to avoid paperwork. These statements support the inference that Herrera purchased the guns on Fuller's behalf. The jury also heard evidence that Herrera had recently lost a job and was having "monetary issues," as well as his testimony that he was carrying $2,000 cash with which to purchase guns because he was paid monthly. The jury also heard testimony about the significant markup Fuller gave Herrera on each firearm. Against the weight of the evidence, the erroneously admitted hearsay did not substantially affect the verdict, and the error was harmless. *Alvarez,* 358 F.3d at 1214. Because the admission of hearsay for all purposes was harmless, the district court's failure to give a limiting instruction was also harmless.

Herrera also argues that the district court erred when it gave a supplemental jury instruction that "a person is not the 'actual transferee/buyer' of the firearm if at the time of purchasing the firearm the person has a present intention to sell the firearm to a specific person."

An error is considered invited error and is waived if the defendant has invited the error and relinquished a known right. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc). The doctrine does not apply where defense

3

counsel and district court were operating under a misapprehension of applicable law. *United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006).

Here, through counsel, Herrera initially objected to the instruction. Then, after Herrera and counsel conferred, Herrera withdrew his objection. This is record evidence that Herrera considered the objection "but then, for some tactical or other reason, rejected the idea." *Perez*, 116 F.3d at 845. Herrera invited the claimed error, and the panel will not review Herrera's claim that the district court erred. Therefore, the district court is affirmed.

**AFFIRMED**.